Daniel JOHNSON, Appellant,

v.

Emmanuel OZIM, Appellee.

No. B14–90–00341–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1991.

Rehearing Denied Jan. 31, 1991.

Daniel Johnson, Huntsville, pro se.

Adrian Young, Austin, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the dismissal of appellant's pro se in forma pauperis action pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). In two points of error, appellant complains that the trial court abused its discretion in dismissing his lawsuit pursuant to § 13.001 and that § 13.001 is violative of his constitutional rights. We affirm.

Appellant, an inmate in the Texas Department of Criminal Justice, sued appellee, a correctional officer of the Texas Department of Criminal Justice, for intentional infliction of emotional distress and deprivation of constitutional rights. Specifically, appellant complained of physical and emotional injuries from excessive television noise emanating from five televisions located adjacent to his living quarters. Appellant claimed violations of the 8th and 14th Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. Appellant sought compensatory and punitive damages against appellee as well as a declaratory judgment declaring appellee's conduct violative of the U.S. and Texas Constitutions. The trial court dismissed appellant's lawsuit as frivolous pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). Although the record is not clear on which part of § 13.001(b) the trial court based its order dismissing appellant's case, appellant appears to have directed his arguments in his pro se brief at §§ 13.001(b)(1) & (b)(2).

In his first point of error, appellant contends that the trial court abused its discretion in dismissing his lawsuit pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). That section provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). The test for abuse of discretion is whether the action of the court was unreasonable or arbitrary. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

In *Johnson v. Lynaugh,* 800 S.W.2d 936 (Tex.App.—Houston [14th Dist.] 1990) (not yet reported), this same appellant asserted identical claims in a 42 U.S.C. § 1983 action against the director of the Texas Department of Criminal Justice and the warden of the Ellis I unit. In that case, we recognized that § 13.001 parallels 28 U.S.C. § 1915(d), the federal statute allowing federal courts to dismiss frivilous in forma pauperis actions. *Id.* at 937. However, in light of recent state and federal decisions, we stated that dismissal of in forma pau-

peris suits may no longer be appropriate under § 13.001(b)(3). *Id.* at 937 (citing *Pugh v. Parish of St. Tammany,* 875 F.2d 436 (5th Cir.1989) and *Johnson v. Lynaugh,* 796 S.W.2d 705 (Tex.1990)).

The fifth circuit has determined that the broad discretion which federal district courts possess in determining whether a complaint is frivolous under § 1915(d) "derives from § 1915's dual role of keeping the courtroom doors open to all litigants regardless of financial resources, yet guarding against abuse of this free access by litigants, such as prisoners, who have nothing to lose by flooding courts with suit after suit." *Wilson v. Lynaugh,* 878 F.2d 846, 849–50 (5th Cir.1989). *See also Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), *writ denied per curiam,* 796 S.W.2d 705 (Tex.1990). Similarly in Texas, Rule 145 of the Texas Rules of Civil Procedure keeps the courtroom doors open to litigants regardless of financial resources while § 13.001 guards against abuse of this free access by litigants. Consequently, we upheld the dismissal of appellant's prior lawsuit under § 13.001, noting that the trial court has broad discretion to determine whether a suit filed pursuant to Tex.R.Civ.P. 145 should be dismissed. *Johnson* at 938.

■ Moreover, in *Johnson v. Lynaugh,* we held that appellant's claims had no arguable basis in law or fact. *Id.* at 939. We note here that appellant now attempts to relitigate these same claims against different defendants. *See id.* at 938. In forma pauperis suits may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events already unsuccessfully litigated. *Wilson,* 878 F.2d at 850. Under such circumstances, we see no reason why this in forma pauperis lawsuit should not be dismissed as frivolous under § 13.001.

■ We disposed of the violations alleged by appellant of the 8th and 14th amendments to the United States Constitution in the prior case. *See Johnson v. Lynaugh,* 800 S.W.2d at 938. To reiterate, appellant has not stated how a noise-free prison environment implicates his rights under the 14th amendment. A noise-free prison environment is not a fundamental right and appellant is not a member of a suspect class. *See Id.* at 938 (citing *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973)). Regarding appellant's 8th amendment claims, the eighth amendment protects against conditions of confinement which constitute health threats. *Wilson,* 878 F.2d at 849. However, the eighth amendment does not protect against those conditions which cause mere discomfort or inconvenience. *Id.* Surely, excessive television noise does not rise to the level of a health threat which the 8th amendment protects against. *See Johnson,* 800 S.W.2d at 939. In fact, we noted in *Johnson* that the alleged noise of which appellant complained of there and of which he complains in this case "does not rise to anything more than mere discomfort or inconvenience." *Id.* It is our very strong feeling that comfort and convenience are not elements that should be supplied by society to prison inmates. If the prison system were made less comfortable and convenient, the recidivisim rate in Texas would diminish proportionally. We cannot say that the trial court abused its discretion in dismissing appellant's lawsuit. We hold that appellant's alleged cause of action has already been litigated and it has no arguable basis in law or fact. Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant claims that § 13.001 violates his due process and equal protection rights under the United States and Texas Constitutions. In determining the constitutionality of a statute, we begin with a presumption of its validity. *Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex.1989). The burden is on the party challenging the statute to establish its unconstitutionality. *Wishnow v. Texas Alcoholic Beverage Commission,* 757 S.W.2d 404, 406 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ Appellant has failed to state specifically in his brief how the statute vio-

lates his due process or equal protection rights. A constitutional challenge not raised properly in the trial court is waived on appeal. *Johnson v. Lynaugh* at 939 (citing *Walker v. Employees Retirement System,* 753 S.W.2d 796, 798 (Tex.App.— Austin 1988, writ denied)). Further, an appellant may complain for the first time on appeal only when there is fundamental error. *Elbar, Inc. v. Claussen,* 774 S.W.2d 45, 52 (Tex.App.—Dallas 1989, no writ). In civil matters, fundamental error occurs in extremely limited circumstances, such as when the court does not have proper jurisdiction over the action. *Id.* This case presents no fundamental error. Accordingly, we overrule appellant's second point of error and affirm the trial court's order of dismissal.