**Herbert HECTOR, Jackie Hinkle, William Biggs, and Daniel Johnson, Appellants,**

v.

**W.B. THALER, Lester Beaird, James Collins, C.E. Lamatrice, and L.D. Ellis, Appellees.**

**No. 01–92–00892–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 16, 1993.

Herbert Hector, Jackie Hinkle, William Biggs, Daniel Johnson, Huntsville, pro se.

Dan Morales, Will Pryor, Mary F. Keller, Michael P. Hodge, Adrian L. Young, Austin, for appellees.

Before DUGGAN, DUNN and ANDELL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the dismissal with prejudice of four prison inmates' pro se suit in forma pauperis under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp. 1993).

Appellants, inmates at the Ellis I Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID), sued appellees, TDCJ–ID officials,[1] alleging common-law negligence and gross negligence.

In two points of error, they assert that: (1) section 13.001(b)(2) is unconstitutional under the state and federal constitutions; and (2) the trial court abused its discretion in dismissing their complaints as having no arguable basis in law or in fact. Because we find that the trial court abused its discretion by dismissing the complaints as frivolous, we reverse and remand.

Appellants allege that a significant number of inmates in their living wing possess personal radios with external speakers, and that appellees allow inmates to play their radios at excessive volumes at all hours of the day and night, in violation of institutional rules. The Ellis I Unit rules provide that:

"[r]adios will be played with sufficient volume to be heard only within the cell to which it is assigned. Radios will not be operated before 9:00 a.m. Radios will not be played after rack-up unless ear plugs/headphones are used and no other speakers are employed. Only external speakers purchased in the Ellis I Commissary and in-cell antennas provided by the Ellis Unit are allowed."

Appellants claim that appellees have ignored or failed to meaningfully address their numerous formal and informal complaints. Appellants' allegations include claims that appellees acted in bad faith and with reckless disregard for appellants' rights and safety. They claim that appellees' acts and omissions have caused them feelings of depression, severe mental and emotional distress, fatigue, frustration, headaches, loss of sleep and rest, anger, anxiety, nervousness, irritability, and severe tension.

Each defendant answered with a general denial and raised the affirmative defenses of sovereign and individual immunity.

The trial court, on its own motion and without a hearing, dismissed appellants'

---

1. W.B. Thaler, Head Warden; Lester Beaird, former Head Warden; James Collins, Director, Institutional Division; C.E. Lamatrice, Building Captain; and L.D. Ellis, Building Captain. Appellants seek declaratory judgment, injunctive relief, and damages they claim to be caused by appellees' failure to control excessive radio noise within their unit living area.

claims with prejudice under section 13.-001(b)(2), reciting the court's review of the entirety of the pleadings and receipt of notice that the Supreme Court of Texas refused review of the dismissal of a previous suit by two of the appellants, *Johnson v. Lynaugh,* 800 S.W.2d 936 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

Section 13.001 of the Texas Civil Practice and Remedies Code, provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1993).

■ A pro se *in forma pauperis suit* may be dismissed either before or after service of process if, under section 13.001(a), the trial court finds that 1) the allegation of poverty is false, or 2) the action is frivolous or malicious. *Birdo v. Williams,* 859 S.W.2d 571 (Tex.App.—Houston [1st Dist.], no writ); *McDonald v. Houston Dairy,* 813 S.W.2d 238, 238 (Tex.App.—Houston [1st Dist.] 1991, no writ). The trial court has broad discretion in its determination to dismiss a suit under section 13.001. *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989), *writ denied per curiam,* 796 S.W.2d 705 (Tex.1990); *Thompson v. West,* 804 S.W.2d 575, 576 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ).

■ The trial court's judgment does not indicate whether the dismissal was because the claims had no arguable bases in law, or no arguable bases in fact. When the trial court, as in the present case, dismisses a cause without a fact hearing, the trial court could not have determined the suit had no arguable basis in fact. *McDonald,* 813 S.W.2d at 239. Therefore, in such a case, the issue is whether the trial court properly determined there was no arguable basis in law for the suit. *McDonald,* 813 S.W.2d at 239.

Appellees argue that the issue of whether appellants have a right to a noise-free prison environment has been decided in the negative in *Johnson,* 800 S.W.2d at 937 (*Johnson* I), and in *Johnson v. Ozim,* 804 S.W.2d 179 (Tex.App.—Houston [14th Dist.] 1991, writ denied) (*Johnson* II). However, in *Johnson* I, appellants alleged a constitutional violation pursuant to 42 U.S.C. § 1983 (1988). *Johnson,* 800 S.W.2d at 937. There the court held that freedom from excessive television noise does not constitute a right secured by the constitution. *Id.* at 938. Similarly, in *Johnson* II, appellants alleged deprivation of constitutional rights. The *Johnson* II court held that appellants were attempting to relitigate claims alleging substantially the same facts arising from a common series of events already unsuccessfully litigated in *Johnson* I. *Johnson,* 804 S.W.2d at 181. In both cases, the court affirmed the dismissals as frivolous under section 13.001(b)(2).

■ We agree that appellants do not have a constitutionally-protected right to a noise-free environment. However, appellants do not allege constitutional violations by appellees. Instead, appellants' complaint sets forth the low-volume radio rule and alleges that: (1) inmates regularly violate the rule; (2) appellees have a duty to enforce the rule; (3) appellees do not enforce the rule; (4) appellees admit a noise problem exists; (5) appellees told appellants to help the building major enforce its own rules; and (6) appellants have physical and mental damages from appellees' acts or omissions.

■ In addition, appellants pled that appellees demonstrated bad faith and reckless

disregard, which overcomes any claim of quasi-judicial immunity available to appellees, if acting within the scope of their authority. See *Onnette v. Reed,* 832 S.W.2d 450, 453–54 (Tex.App.—Houston [1st Dist.] 1992, no writ).

Appellants asserted claims that have arguable bases in law or in fact; thus, the trial court abused its discretion in dismissing the claims as frivolous. We sustain appellants' point of error two.

Because we have found that the trial court abused its discretion in dismissing appellants' complaints, it is unnecessary to consider their complaint on the constitutionality of section 13.001(b)(2).

We reverse the judgment, and remand the cause to the trial court.