In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00194-CR


______________________________




MARK EDWARD COMPTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Gregg County, Texas


Trial Court No. 2001-2128




 




Before Morriss, C.J., Ross and Grant,* JJ.


Memorandum Opinion by Chief Justice Morriss



___________________________________________

*Ben Z. Grant, Retired, Justice, Sitting by Assignment

MEMORANDUM OPINION ON REHEARING



 Before the Court is the motion for rehearing of the appellant, Mark Edward Compton. On
October 22, 2002, this Court dismissed Compton's appeal for want of jurisdiction. We concluded
that Compton's motion for new trial, which he filed on August 27, 2002, was untimely and that,
therefore, his notice of appeal, which he filed on September 25, 2002, was untimely.

 In his motion for rehearing, Compton contends he was sentenced July 31, 2002, and not
July 8, 2002, as we indicated in our opinion. Having determined there was ambiguity on the face
of the record concerning when Compton was actually sentenced, we ordered the trial court to hold
a hearing to determine the actual date of sentencing and, if necessary, enter a judgment nunc pro
tunc.

 The trial court later entered a judgment nunc pro tunc showing Compton was sentenced on
July 31, 2002. Compton's August 27, 2002, motion for new trial was therefore timely, making his
September 25, 2002, notice of appeal timely. Finding probable grounds to grant Compton's motion,
we asked the State to respond. See Tex. R. App. P. 49.2. The State has indicated it has no opposition
to this Court granting Compton's motion for rehearing.




 We withdraw our opinion dated October 22, 2002, which dismissed Compton's appeal for
want of jurisdiction. We order Compton's appeal reinstated.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 23, 2003

Date Decided: January 24, 2003


Do Not Publish



r federal constitutional
issues, and dismissal on that ground was error. (2)

 We now turn to the alternative ground stated for the dismissal, that the claims were frivolous.

 The dismissal of inmate litigation under Chapter 14 (3) is generally reviewed for abuse of
discretion. (4) In this case, with no fact hearing, the trial court's basis for determining that Cannon's
causes of action were frivolous could not have been because they had no arguable basis in fact. (5) 
Hector v. Thaler, 862 S.W.2d 176, 178 (Tex. App.-Houston [1st Dist.] 1993, no writ). Thus, the
issue in the instant case is whether the trial court properly determined there was no arguable basis
in law for Cannon's suit. (6) Gordon v. Scott, 6 S.W.3d 365, 369 (Tex. App.-Beaumont 1999, no pet.);
Hector, 862 S.W.2d at 178; Birdo v. Williams, 859 S.W.2d 571, 572 (Tex. App.-Houston [1st Dist.]
1993, no writ).

 To determine whether the trial court properly decided there was no arguable basis in law for
an appellant's suit, we examine the types of relief and causes of action the appellant plead to
determine whether, as a matter of law, the petition stated a cause of action that would authorize
relief. (7) Gordon, 6 S.W.3d at 369. In  considering  the  record  before  us,  we  review  and  evaluate
pro se pleadings by standards less stringent than those applied to formal pleadings drafted by
lawyers. See Thomas v. Collins, 860 S.W.2d 500, 503 (Tex. App.-Houston [1st Dist.] 1993, writ
denied). In reviewing this dismissal, we are bound to take as true the allegations in Cannon's original
petition. See Harrison v. Tex. Dep't of Crim. Justice-Institutional Div., 915 S.W.2d 882, 888 (Tex.
App.-Houston [1st Dist.] 1995, no writ).

 We must decide, therefore, whether Cannon's allegations (1) state a claim that the employees,
in their individual capacities, deprived Cannon of rights, privileges, or immunities secured by the
Constitution or laws of the United States, or (2) show on their face that Cannon's claims are barred
or premature. Cannon alleged his personal safety was endangered because he was not provided with
the proper cleaning supplies to keep his cell sanitary and because he was not provided means to
summon help in the event of a medical (8) (or other type of) emergency while he was in his cell. (9) We
believe Cannon's suit was properly subject to dismissal for two independent reasons: first, because
he did not exhaust the grievance procedure; and second, because he alleges no wrongful act or
omission on the part of either of the defendants individually.

 The information provided by Cannon shows he pursued his housekeeping complaint only
through the initial step of the grievance procedure. The grievance form states that corrective action
was taken and that no further action was therefore necessary. Cannon stated in his petition that,
because he waited to see if the situation would actually be corrected, his time expired to file an
appeal from the grievance determination. This does not, however, excuse Cannon from first
exhausting the grievance procedures before seeking court intervention. In addition, the record does
not reflect Cannon ever attempted in any respect to use the grievance procedure to assert his
complaint regarding inability to summon help.

 The Legislature has provided that an inmate may not file a claim in state court, regarding
operative facts for which the Texas Department of Criminal Justice grievance system provides the
exclusive administrative remedy, until the inmate receives a written decision issued by the highest
authority provided for in the grievance system, or the 180th day after the date the grievance is filed
if the inmate has not received a written decision by that time. Tex. Gov't Code Ann. § 501.008(d)
(Vernon 1998). In other words, Section 501.008 of the Government Code precludes an inmate from
filing a claim until he has exhausted his remedies through the grievance system. See Smith v. Tex.
Dep't of Crim. Justice-Institutional Div., 33 S.W.3d 338, 341 (Tex. App.-Texarkana 2000, pet.
denied).

 Also, Cannon has not suggested any way in which these defendants, individually, might be
liable for the claims he has set out. His complaint regarding cleaning supplies is not that either
individual failed to supply those items, but instead that the prison or its officials, generally, had not
created a housekeeping plan that included the use of the types of cleaning supplies (i.e., mops,
brooms, toilet brushes) Cannon believed were necessary and appropriate. Further, Cannon's
complaint regarding the inability to contact jailers is in no way linked to any action or inaction on
the part of the named individuals, but relates instead to alleged shortcomings in the jail itself or in
the procedures followed within the jail. In short, even if the claims of wrongful acts Cannon raises
are entirely factually correct, liability for the acts as alleged cannot be assigned to the named
defendants on an individual basis.

 A lawsuit against named individuals cannot prevail, and is thus frivolous, if the suit does not
allege any wrongdoing by those individuals. Also, when a lawsuit is filed before the necessary steps
have been taken to meet the statutory requirements that the complaint first be addressed through
administrative grievance proceedings, that lawsuit is necessarily frivolous. For each of these
reasons, we find the trial court did not err in dismissing the lawsuit as frivolous.

 The final question is whether the trial court erred by dismissing Cannon's lawsuit with
prejudice. It is improper to dismiss a suit with prejudice unless it is properly a ruling on the merits
or the dismissal is a proper sanction for some procedural violation. Hughes v. Massey, 65 S.W.3d
743, 746 (Tex. App.-Beaumont 2001, no pet.) (improper to dismiss with prejudice for rule violation
in filing in forma pauperis suit); Lentworth v. Trahan, 981 S.W.2d 720, 722-23 (Tex. App.-Houston
[1st Dist.] 1998, no pet.) (setting out procedural sanctions supporting dismissal with prejudice, none
of which are applicable here). Our proper course is to modify the judgment by deleting the words
"with prejudice" and by substituting the words "without prejudice." Tex. R. App. P. 43; Hickman
v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.-Houston [14th Dist.] 2000, no pet.). This contention
of error is sustained.

 We reform the judgment to provide the cause is dismissed without prejudice. As reformed,
the judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 2, 2002

Date Decided: July 25, 2002


Do Not Publish
1. See Tex. Const. art. V, § 8.
2. State courts have concurrent jurisdiction with federal courts concerning violations of the
United States Constitution. Ex parte Royall, 117 U.S. 241, 247-248, 6 S.Ct. 734, 29 L.Ed. 868
(1886); Snypp v. Ohio, 70 F.2d 535, 537 (6th Cir. 1934). State courts, as well as federal courts, have
the obligation to protect rights under the Constitution and laws of the United States. Robb v.
Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884). In state courts of general
jurisdiction, the power to entertain any suit not prohibited by either the United States Constitution
or federal law is presumed. Cincinnati v. Louisville & N. R. Co., 223 U.S. 390, 32 S.Ct. 267, 56
L.Ed. 481 (1912).
3. Tex. Civ. Prac. & Rem. Code Ann. § 14.001, et seq. (Vernon Supp. 2002).
4. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ).
5. Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 459 (Tex. App.-Tyler 1999, pet. denied); Gordon
v. Scott, 6 S.W.3d 365, 369 (Tex. App.-Beaumont 1999, no pet.); Lentworth v. Trahan, 981 S.W.2d
720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). 
6. Whether there was an arguable basis in law is a legal question we are required to review de
novo. In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994) (explaining that questions of law are
always reviewable de novo); Sawyer v. Tex. Dep't of Crim. Justice, 983 S.W.2d 310, 311 (Tex.
App.-Houston [1st Dist.] 1998, pet. denied). 
7. Cannon's lawsuit is based on alleged deprivation of rights protected by the United States
Constitution and is brought under the authority of 42 U.S.C.A. § 1983 (West Supp. 2002). That
section provides a remedy when any "person" acting under color of state law deprives another of
rights, privileges, or immunities protected by the United States Constitution or laws. See Thomas
v. Collins, 960 S.W.2d 106, 109 (Tex. App.-Houston [1st Dist.] 1997, writ denied). Neither a state
nor its officials acting in their official capacities are "persons" under Section 1983, and relief against
such is not available under Section 1983. This lawsuit, however, was brought against Cooper and
Gray only in their individual capacities only, and a Section 1983 action can be properly brought that
way. See Gordon, 6 S.W.3d at 369.
8. The United States Supreme Court has held that a governmental entity's duty to provide
medical care to inmates is constitutionally mandated. West v. Atkins, 487 U.S. 42, 56, 108 S.Ct.
2250, 101 L.Ed.2d 40 (1988). In West, a case involving civil liability under 42 U.S.C.A. § 1983,
the Supreme Court interpreted the cruel and unusual punishment clause of the Eighth Amendment
to impose a duty on prisons to provide medical care for inmates. Similarly, in Estelle v. Gamble, 429
U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court said that the government is
constitutionally obligated to provide medical care for those whom it is punishing by incarceration
and held that deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor
or a prison guard, is prohibited by the Eighth Amendment. Tex. Gov't Code Ann. § 494.001
(Vernon 1998) also establishes a generic duty to provide safe confinement for inmates.
9. In his brief, Cannon also suggests that he has been endangered by threats of harm by gang
members in the unit and that the failure to provide a method of contacting prison officers for help
is also a risk in that circumstance. This allegation does not appear in his petition.