TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00217-CV






Aurelio Carrasco Borjon, TDCJ #887132, Appellant


v.


Ted Potter and Associates, Joe Petronis, and Eddie Shell and Associates, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 221,672-C, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Aurelio Carrasco Borjon, an inmate in the Texas Department of Criminal
Justice-Correctional Institutions Division, appeals the order of the trial court dismissing his pro se
petition against Ted Potter and Associates, Joe Petronis, and Eddie Shell and Associates
("Defendants"). Borjon's petition was filed on February 13, 2007. Before service of process on the
Defendants and without a fact-finding hearing, the trial court on February 15, 2007, dismissed the
petition after finding that it failed to comply with chapter 14 of the Texas Civil Practice and
Remedies Code and that Borjon's suit was frivolous and malicious because it had no arguable basis
in law. (1) See Tex. Civ. Prac. & Rem. Code Ann. §§  14.001-.014 (West 2002). The dismissal order
does not specify the basis for the court's finding that the claims were frivolous. For reasons set forth
below, we affirm the court's dismissal order. 


STANDARD OF REVIEW

 We review a trial court's chapter 14 dismissal of an indigent inmate's claim under an
abuse-of-discretion standard. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex. App.--Houston
[1st Dist.] 2000, no pet.); Thomas v. Wichita General Hosp., 952 S.W.2d 936, 939
(Tex. App.--Fort Worth 1997, writ denied). A trial court abuses its discretion if it acts arbitrarily,
unreasonably, without regard to guiding legal principles, or without supporting evidence. K-Mart
Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); Bocquet v. Herring, 972 S.W.2d 19, 20
(Tex. 1998).


DISCUSSION 

 Section 14.003 of the Texas Civil Practice and Remedies Code provides multiple
grounds for dismissing an indigent inmate's claim. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a). Section 14.003(a)(2) provides that a court may dismiss a claim, either before or
after service of process, if the court finds that the claim is frivolous or malicious. Id. When a court
dismisses a claim without a fact-finding hearing, the court could not have determined that the suit
had no arguable basis in fact. Harrison v. Texas Dep't of Crim. Justice, 915 S.W.2d 882, 887
(Tex. App.--Houston [1st Dist.] 1995, no writ) (citing Hector v. Thaler, 862 S.W.2d 176, 178
(Tex. App.--Houston [1st Dist.] 1993, no writ)). We, therefore, interpret the trial court's action as
a finding that Borjon's claims lack an arguable basis in law. See Tex. Civ. Prac. & Rem.
Code § 14.003(a), (b); Retzlaff v. Texas Dep't of Crim. Justice, 94 S.W.3d 650, 653
(Tex. App.--Houston [14th Dist.] 2002, pet. denied); Gill v. Boyd Distribution Center, 64 S.W.3d
601, 603 (Tex. App.--Texarkana 2001, pet. denied); McDonald v. Houston Dairy, 813 S.W.2d 238,
239 (Tex. App.--Houston [1st Dist.] 1991, no writ).

 We must determine whether the trial court properly found there is no arguable basis
in law for Borjon's claims. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990). While the
dismissal of inmate litigation under chapter 14 is generally reviewed for an abuse of discretion,
whether there was an arguable basis in law for an inmate's claims is a question of law that we review
de novo. Minix v. Gonzalez, 162 S.W.3d 635, 637 (Tex. App.--Houston [14th Dist.] 2005, no pet.);
Gill, 64 S.W.3d at 603. For a claim to have no arguable basis in law, it must be based on "an
indisputable meritless legal theory" or wholly incredible or irrational factual allegations. Gill, 
64 S.W.3d at 603 (quoting Neitzke v. Williams, 490 U.S. 319, 327(1989), and citing Denton
v. Hernandez, 504 U.S. 25, 33 (1992)). Accordingly, we examine Borjon's petition to decide
whether, as a matter of law, it stated causes of action that would authorize relief. Denson v. Texas
Dep't of Crim. Justice, 63 S.W.3d 454, 459 (Tex. App.--Tyler 1999, pet. denied). 


Factual Allegations

 Borjon's petition contained the following allegations. In early 1998, Borjon paid
attorney Joe Petronis $25,000 to represent him in a pending criminal case. In October 1998, Borjon
was arrested. On October 13, 1998, attorney Ted Potter of Ted Potter and Associates entered into
a contract with Borjon's father, Aureliano Borjon (now deceased), to sign Borjon's bail bond and
become co-counsel with Petronis, in exchange for Aureliano Borjon's payment of $10,000 and
deposit of $65,000 into Potter's trust account as partial security for Borjon's bail bond. On
November 12, 1998, Borjon failed to appear in district court when his criminal case was called. On
November 20, 1998, Borjon's bond was revoked, and the cash collateral for the bond was claimed
by the trial court.

 On December 11, 1998, Petronis contacted Aureliano Borjon ("Aureliano") through
a facsimile transmission to solicit, as an additional fee, 50 percent of the bond proceeds remaining
after payment of the judgment nisi for Borjon's failure to appear and for other related expenses and
fees. On December 31, 1998, an agreement was made to transfer all of the monies remaining of the
cash collateral proceeds to a new attorney, designated by Petronis, who would substitute for Petronis
as Borjon's co-counsel. On January 6, 1999, a motion to substitute attorney Eddie Shell of Shell and
Associates for Petronis as counsel for Borjon was granted. On January 8, 1999, Potter sent
Shell a check for $48,250 as the remaining cash collateral proceeds from Borjon's bond. On
January 12, 1999, Shell sent Potter and Petronis each a check for $19,125 from the proceeds of the
cash collateral. On January 19, 1999, Potter paid Bell County $10,213 for the judgment nisi entered
in Borjon's bond-forfeiture case.

 On March 4, 1999, Potter sent a letter to Aureliano stating that he had paid $10,213
to Bell County, $48,250 to Shell, $350 to the psychologist, and $5,000 to himself. He also noted
that, of the remaining $1,187, he was "haveing [sic] another $300.00 for [the psychologist]" and thus
was refunding Aureliano $887. In November 2000, Shell wrote a letter reaffirming his obligation
to represent Borjon "in the continuing criminal action for appeal and post-conviction remedies." Alleging that Shell had failed to perform, Borjon some time in 2001 attempted to
recover the $48,250 from Shell that Potter had transferred. In November 2002, Borjon filed a
complaint against Shell with the State Bar of Texas. In March 2003, Shell filed a statement of facts
with the State Bar's grievance committee revealing that, at Potter's instruction, he had redistributed
$38,250 of the $48,250 to Potter and Petronis from his trust account. On May 16, 2003, the State
Bar disciplinary counsel informed Borjon that the matter had been dismissed because the committee
had determined there was no just cause to believe Shell committed any professional misconduct. 
Borjon alleged he then realized that his reliance on Potter's representations regarding the disposition
of the cash collateral proceeds had caused him to "suffer damages in the loss of the cash collateral
proceeds fraudulently appropriated by [Potter]."


Causes of Action

 Borjon pleaded a cause of action for fraud against each of the Defendants. He alleged
that, in the March 4, 1999, letter to Aureliano, Potter made a false representation regarding the
distribution of the remaining proceeds of the cash collateral that had been entrusted to him, that is,
Shell now possessed the remaining $48,250. Borjon also contended that Petronis made false
representations in his contract with Aureliano with the intention of inducing Aureliano to acquiesce
in Petronis' solicitation of 50 percent of the remaining proceeds of the cash collateral of
Borjon's bond. Finally, Borjon alleged that Shell contributed to the fraudulent transactions
perpetrated by Potter and Petronis by receiving the $48,250 and placing it in his trust account. 

 Borjon also pleaded a breach-of-fiduciary-duty cause of action against each of the
attorney Defendants. Borjon alleged that, by fraudulently appropriating $19,125 that Borjon claimed
an interest in, Potter breached his fiduciary duty. As to Petronis, Borjon pleaded that Petronis
breached his fiduciary duty by using his relationship as Borjon's attorney to induce Aureliano to
enter into an illegal and void contract in order to defraud Borjon and Aureliano of 50 percent of the
remaining cash collateral proceeds from Borjon's bond. Against Shell, Borjon alleged that Shell
breached his fiduciary duty by redistributing client funds that had been placed in his care, without
notifying Borjon of the transaction and redistribution and without express instructions from
Borjon or his father. 

 "A court has no jurisdiction over a claim made by a plaintiff without standing to
assert it." DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex. 2008). To have standing,
plaintiffs must be personally aggrieved; their alleged injuries must be concrete and particularized,
actual or imminent, not hypothetical. Id. at 304-05. See Texas Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 444 (Tex. 1992). The causes of action that Borjon pleaded in his petition are
based on factual allegations that concern transactions between the Defendants and Aureliano, not
transactions between Borjon and the Defendants, and the funds that Borjon alleged he lost as a result
of the Defendants' fraud and breach of fiduciary duty were not his own but Aureliano's.


CONCLUSION


 Because Borjon himself was neither deceived, defrauded, nor injured, he is without
standing to assert the causes of action of fraud and breach of fiduciary duty against the Defendants. 
Finding that a court has no jurisdiction over the claims made by Borjon who lacks standing to assert
them, we affirm the trial court's order of dismissal.


 ___________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 29, 2009
1. Although the trial court first stated it found that Borjon's suit had no arguable basis in law
or in fact, the court ordered the petition be dismissed because it found that the suit had no arguable
basis in law.