ACCEPTED
12-14-00156-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/13/2015 12:10:15 PM
CATHY LUSK
CLERK

**Case No. 12-14-00156-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/13/2015 12:10:15 PM
CATHY S. LUSK
Clerk

# IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT TYLER, TEXAS

## INEZ MANIGAULT, Appellant

## Vs.

## JANE THORN-HENDERSON, Appellee

From the 145th Judicial District Court for Nacogdoches County, Texas
Cause No. 1228525

APPELLEE'S BRIEF IN RESPONSE
TO PRO SE APPELLANT'S APPEAL

Adam B. Allen
White Shaver, P.C.
205 W. Locust
Tyler, Texas 75702
(903) 533-9447 – phone
(903) 595-3766  - fax
AAllen@whiteshaverlaw.com

ATTORNEY FOR APPELLEE,
JANE THORN-HENDERSON

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellee lists the following parties affected by this appeal, and their respective appellate and trial counsel:

**<u>Appellant</u>**

Inez Manigault, Pro Se

**<u>Trial Counsel for Appellant</u>**

W. Wade Flasowski
State Bar No. 24055482
1801 North Street
Nacogdoches, Texas 75963
(936) 569-2327 – phone
(936) 569-7932 - fax

**<u>Appellee</u>**

Jane Thorn-Henderson

**<u>Appellate Counsel for Appellee</u>**

Adam B. Allen
State Bar No. 24038738
White Shaver PC
205 W. Locust St.
Tyler, Texas 75702
(903) 533-9447 – phone
(903) 595-3766 – fax
AAllen@whiteshaverlaw.com

**<u>Trial Counsel for Appellee</u>**

James E Hughes
State Bar No. 10214525
3400 W. Marshall #402
Longview, Texas 75604
(903) 297-7691 - phone

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL …………………………….. 2

TABLE OF CONTENTS …………………………………………… 3

ISSUES PRESENTED ……………………………………………… 4

BRIEF ANSWERS …………………………………………………… 5

INDEX OF AUTHORITIES ……………………………………….. 6, 7

STATEMENT OF THE CASE ……………………………………….. 8

ORAL ARGUMENT …………………………………………………… 8

STATEMENT OF FACTS …………………………………………… 8

OBJECTIONS TO APPELLANT'S ATTEMPT TO
 SUPPLEMENT THE APPELLATE RECORD ……………………… 8

SUMMARY OF THE ARGUMENT …………………………………….. 9

ARGUMENT …………………………………………………………... 9

PRAYER ……………………………………………………… 17

CERTIFICATE OF SERVICE ………………………………………… 18

CERTIFICATE OF COMPLIANCE…………………………………… 18

## ISSUES PRESENTED

1. Did appellant's failure to preserve error waive each of her appellate points for which she now seeks a new trial?

2. Did trial judge abuse his discretion on any of the evidentiary issues presented by appellant, such that the perceived error resulted in the rendition of an improper judgment?

## **BRIEF ANSWERS**

1.  Appellant failed to preserve error on points of error 1, 2, 3, 4, 7, 8, 9, 10 and 11 (repeat of point of error 10) raised within her brief.

2.  The trial judge acted well within his discretion regarding his rulings on the evidentiary issues raised by appellant in points of error 5 and 6.

# INDEX OF AUTHORITIES

## STATUTES

*Aero Energy, Inc. v. Circle C Drilling Co.*
699 S.W.2d 821, 822 (Tex. 1985) …………………………………………………. 11

*BMC Software Belgium, N.V. v. Marchand*
83 S.W.3d 789, 800 (Tex. 2002) ………………………………………………… 17

*Brown v. Brown*
145 S.W.3d 745, 749-50 (Tex. App.—Dallas 2004, pet. Denied …………………... 17

*Central Educ. Agency v. Burke*
711 S.W.2d 7, 8 (Tex. 1986) ………………………………………………….. 10

*City of Brownsville v. Alvarado*
897 S.W.2d 750, 753 (Tex. 1995) ………………………………………………. 16

*Galveston County v. Texas Dep't of Health*
724 S.W.2d 115, 119-21 (Tex. App.--Austin 1987 ……………………………… 13

*Gee v. Liberty Mut. Fire Ins. Co.*
765 S.W.2d 394, 396, 32 Tex. Sup. Ct. J. 217 (Tex. 1989) ……………………… 16

*Guerrero v. Boyd*
No. 01-07-00465-CV, 2008 Tex. App. LEXIS 9227, 2008 WL 5178563
 at *1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op.) …….. 14

*Halim v. Ramchandani*
203 S.W.3d 482, 487 (Tex. App.--Houston [14th Dist.] 2006, no pet.)
TEX. R. APP. P. 33.1(a)(1)(A) …………………………………………………... 12

*Johnson v. Ozim*
804 S.W.2d 179, 182 (Tex. App.--Houston [14th Dist.] 1991 …………………….. 10

*Lone Star Greyhound Park, Inc. v. Texas Racing Comm'n*
863 S.W.2d 742, 751 (Tex. App.--Austin 1993 …………………………………... 13

*Parker v. Fort Worth Transp. Auth.*
No. 02-03-00213-CV, 2004 Tex. App. LEXIS 3604, 2004 WL 868741
 at *1 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. Op) …………….. 14

*Perry v. Del Rio*
66 S.W.3d 239, 259 (Tex. 2001) ………………………………………………… 9

*Pirtle v. Gregory*
629 S.W.2d 919, 920 (Tex. 1982) …………………………………………….. 10

*Sendejar v. Alice Physicians and Surgeons Hosp., Inc.*
555 S.W.2d 879, 886 (Tex. Civ. App.--Tyler 1977, writ ref'd n.r.e.) …………… 10

*Sharp v. Broadway Nat'l Bank*
784 S.W.2d 669, 671 (Tex. 1990) (per curiam); Tex. R. Civ. P. 215.5 ………… 16

*Smith v. Houston Chem. Servs., Inc.*
872 S.W.2d 252, 278 (Tex. App.--Austin 1994 ………………………………… 13

*Steves Sash & Door Co., Inc. v. Ceco Corp.*
751 S.W.2d 473, 477 (Tex. 1988) ……………………………………………. 11

*Texas Elec. Serv. Co. v. Yater*
494 S.W.2d 271, 274 (Tex. Civ. App.--El Paso 1973, writ ref'd n.r.e.) ………… 10

*United Parcel Serv., Inc. v. Tasdemiroglu*
25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000 …………………. 11

## RULES

Tex. R. App. P. 33.1. …………………………………………………………… 13, 15

TEX. R. APP. P. 33.1(a)(1)(A)………………………………………………….. 12

TEX. R. APP. P. 44.1(a) ……………………………………………………….. 16

Tex. R. Civ. P. 215.5 …………………………………………………………… 16

TEX. R. CIV. P. 324(b)…………………………………………………………. 12

TEX. R. CIV. P. 324(b)(2)……………………………………………………… 12

## I.     STATEMENT OF THE CASE

The essential nature of this appeal is that the appellant feels that the verdict and judgment rendered in her favor at the trial court wasn't favorable enough. Appellant in her brief fails to identify any reversible error within the record, or any fundamental error independent of the record. The evidence presented during trial supports the judgment entered by the trial court. The trial court's judgment should be upheld, and all costs assessed against the appellant.

## II.     ORAL ARGUMENT

Oral argument is not requested by appellee.

## III.     STATEMENT OF FACTS

This appeal arises out of a judgment taken in the 145th Judicial District Court of Nacogdoches County, Texas. The underlying case involves an August 12, 2011 automobile accident in which appellant, Inez Manigault, was rear-ended while stopped at a traffic light by appellee, Jane Thorn-Henderson.

Following a two day trial on the merits, a jury returned a verdict for appellant and awarded $7,517.63 in damages. A final judgment was signed and entered by the trial court on June 6, 2014, which included awards for pre and post-judgment interests and taxable costs. (CR 134-135).

No post-judgment motions were filed.

Appellant timely filed her notice of appeal on June 10, 2014. This appeal followed.

## IV.     OBJECTIONS TO APPELLANT'S ATTEMPT TO SUPPLEMENT THE APPELLATE RECORD

Appellee objects to all arguments made by appellant about evidence that was not made part of the court's record during trial. Appellant attached 11 exhibits to her brief, many of which

were never made part of the court's record. Specifically, Exhibits 2, 3, 4, 5, 6, 8, and 9, were never made part of the Clerk's or Reporter's Records.

"It is well-settled in Texas that an appellate court's review is confined to the record in the trial court when the trial court acted." *Perry v. Del Rio*, 66 S.W.3d 239, 259 (Tex. 2001).

Because these individual exhibits were never filed with or presented for consideration to the trial court, it is improper for appellant to include them now, for the first time, in briefing on the merits to this court.

## V.     SUMMARY OF THE ARGUMENT

Appellant waived error on points 1, 2, 3, 4, 7, 8, 9, 10, and 11 (repeat of point of error 10), by failing to make a timely objection during trial to the perceived error, or by failing to file a post-trial motion to preserve error on legal and factual sufficiency grounds.

Even in the event that appellant somehow preserved error on points of error 1, 2, 3, 4, 7, 8, 9, 10, and 11 (repeat of point of error 10), the evidence was legally and factually sufficient to support the jury's findings.

The trial court did not abuse its discretion on points of error 5 and 6 in excluding evidence that was not properly authenticated or disclosed during discovery. Even in the event that the trial court abused its discretion, the excluded evidence did not result in an improper judgment.

## VI.     ARGUMENT

**A.     Waiver**

Appellant Waived Error on her Appellate Points 1, 2, 3, 4, 7, 8, 9, 10 and 11 (repeat of point of error 10).

> **1.     Appellant Waived Any Error Regarding the Jury Selection Process or Jury Pool**

Appellant asserts in her first point that because of the District Clerk's actions, she was denied the right to a fair and impartial jury representative of the community, which is guaranteed in the United States and Texas constitutions. She contends that a violation of this right is fundamental error. "Fundamental error survives today only in rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or Constitution of Texas." *Central Educ. Agency v. Burke*, 711 S.W.2d 7, 8 (Tex. 1986); *see Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). Moreover, fundamental error is non-waivable and may be raised for the first time on appeal. *Johnson v. Ozim*, 804 S.W.2d 179, 182 (Tex. App.--Houston [14th Dist.] 1991, writ denied).

Although not explicitly stated, appellant argues that when positive statutes regulating jury selection are violated as alleged here, appellant was denied her constitutional right of a fair trial. The statutory violations of which appellant complains, however, are errors in the procedures of summoning, assembling, excusing, and documenting the jury array. It is well settled in Texas law that such procedural issues are waivable. *See, e.g., Sendejar v. Alice Physicians and Surgeons Hosp., Inc.*, 555 S.W.2d 879, 886 (Tex. Civ. App.--Tyler 1977, writ ref'd n.r.e.) (challenge to improper excuses by sheriff, district clerk, and others waived if not presented prior to time jury was selected); *Texas Elec. Serv. Co. v. Yater*, 494 S.W.2d 271, 274 (Tex. Civ. App.-- El Paso 1973, writ ref'd n.r.e.) (using district court panel instead of proper county court panel was "matter of ready waiver"). Because procedural irregularities in jury selection can be waived, appellant's alleged error under the circumstances presented do not rise to the level of fundamental error.

Appellant's brief contains no specific violation by the Clerk or any other officer of the court that would give rise to any error, let alone fundamental error. Moreover the record is bereft of any objection made to the jury array, or to the manner in which the jury was selected.

Appellant therefore waived error on this point.

### 2. Plaintiff Waived all Legal Sufficiency Challenges To the Jury's Findings

In a case tried to a jury, an argument that the evidence is legally insufficient to support a finding can be preserved for appeal in one of five ways: (1) a motion for directed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *See Steves Sash & Door Co., Inc. v. Ceco Corp.*, 751 S.W.2d 473, 477 (Tex. 1988) (*citing Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985)); *United Parcel Serv., Inc. v. Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

By her second and fourth issues, it appears that appellant complains that the evidence is legally insufficient to support the jury's damage award, or the lack thereof. Appellant failed, however, to preserve error on these points. The record is devoid of any post verdict motion required to preserve error on this point.

Appellant failed to preserve error on her legal sufficiency points.

### 3. Plaintiff Waived all Factual Sufficiency Challenges to the Jury's Findings

By her third and fourth issues, appellant complains that the evidence is factually insufficient to support the jury's findings on the adequacy of the damages awarded (or the lack thereof).

11

A motion for new trial is a prerequisite to a civil complaint challenging the factual sufficiency of the evidence supporting a jury finding. TEX. R. CIV. P. 324(b)(2).

> "A point in a motion for new trial is a prerequisite to the following complaints on appeal:
> . . . .
> (2) A complaint of factual insufficiency of the evidence to support a jury finding;
> . . . .
> (4) A complaint of inadequacy or excessiveness of the damages found by the jury [.]

TEX. R. CIV. P. 324(b).

To preserve error, the motion for new trial must state the factual sufficiency complaint with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See, e.g., Halim v. Ramchandani*, 203 S.W.3d 482, 487 (Tex. App.--Houston [14th Dist.] 2006, no pet.); TEX. R. APP. P. 33.1(a)(1)(A).

Appellant did not file a motion for a new trial, or any other post-trial motion addressing the sufficiency of the evidence presented on the issue of damages, or the inadequacy of the jury's award. Accordingly, appellant failed to preserve the error complained of in her points or error three and four.

4. **Appellant Failed to Preserve Error to Points of Error 7, 8, 9, 10 and 11 By Failing to Object at Trial**

Rule 33.1 of the Appellate Rules of Civil Procedure require that as a prerequisite for presenting a complaint for appellate review, "the record must show that:

> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App. P. 33.1.

With respect to appellant's points of error 7, 8, 9, 10 and 11, appellant failed to properly preserve error on these points. The record contains no objections or complaints to the trial court on the specific issues now before the court.

### a. Appellant Waived any Error Regarding Ex Parte Communications

Appellant contends that ex-parte communications occurred outside of her presence. She fails to cite to any portion of the record where such conversations took place, and fails to identify whether this alleged error was ever objected to or complained of on the record.

The prohibition against ex parte communications was designed to prevent litigious facts coming before decision makers without becoming part of the record in the contested case. *See Lone Star Greyhound Park, Inc. v. Texas Racing Comm'n*, 863 S.W.2d 742, 751 (Tex. App.-- Austin 1993, writ denied); *Galveston County v. Texas Dep't of Health*, 724 S.W.2d 115, 119-21 (Tex. App.--Austin 1987, writ ref'd n.r.e.). The mere fact that an ex parte communication occurred is not sufficient to establish a violation of the constitutional guarantees of procedural due process of law. *See Smith v. Houston Chem. Servs., Inc.*, 872 S.W.2d 252, 278 (Tex. App.-- Austin 1994, writ denied). A violation of the prohibition against ex parte communications is not

shown unless a party establishes that the content of the ex parte conversation came within the prohibition. *Lone Star*, 863 S.W.2d at 751.

There was no objection or complaint made to the trial court regarding the alleged ex-parte communication, nor is there anything in the record suggesting improper ex parte communications ever occurred with the trial court.

Appellant therefore waived error on this point.

### b. Regarding Alleged Misconduct by Ineffective Assistance of Counsel

Appellant suggests that her counsel failed to object to: 1) the jury panel, 2) a sleeping juror, 3) statements made by opposing counsel, and 4) "defending the plaintiff." To the extent that appellant attempts to preserve error on any of these points, she waived argument on her own admission of her failure to object.

To the extent that appellant is making an argument regarding the ineffective assistance of counsel in a personal injury matter, Texas courts do not recognize a constitutional right to effective assistance of counsel under these circumstances. *See Guerrero v. Boyd*, No. 01-07-00465-CV, 2008 Tex. App. LEXIS 9227, 2008 WL 5178563, at *1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op.) ("The Sixth Amendment right to effective assistance of counsel, however, does not extend to civil cases such as this personal-injury lawsuit."); *Parker v. Fort Worth Transp. Auth.*, No. 02-03-00213-CV, 2004 Tex. App. LEXIS 3604, 2004 WL 868741, at *1 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.) (overruling issue concerning alleged ineffective assistance of counsel in a civil negligence suit).

Appellant's arguments are therefore either waived, or disallowed by Texas law on the issue of ineffective assistance of counsel.

### c. Allegations of Defense Counsel's Misconduct was Waived

14

Appellant's point of error 9 regarding alleged misconduct of defense counsel at trial is waived. In order to properly preserve error, appellant is required to object to the alleged instances of misconduct. Tex. R. App. P. 33.1. The record citations presented by appellant do not contain any instances of misconduct, although even assuming *arguendo* that misconduct may be inferred by portions of the record, there are no objections to the alleged misconduct within the record.

Again, appellant waived this point of error.

### d. Appellant Erroneously Identifies Charge Submission as "Broad Form," And Failed to Preserve Error.

There is no error regarding appellant's points of error 10 and 11 (repeat of point of error 10). Charge Question No. 2 to the jury was a granulated submission, and was not submitted in "broad form" as suggested by the appellant. (CR – 110). There is no error regarding the form of the submission.

Appellant also failed to object to the submission of Charge Question No. 2 at the time of the charge conference. Thus any error in the form of the submission was waived.

### B. The Trial Court's Evidentiary Rulings Were Well Within the Trial Court's Discretion

### 1. The Trial Court Properly Excluded Evidence

Appellant contends in her fifth point of error that the trial court erred in excluding evidence. It is unclear what evidence the trial court erred in excluding, although it appears from appellant's brief that it is documentary evidence in the form of a damage appraisal, a copy of which is attached to appellant's brief.[1]

---

[1] To the extent that appellant failed to present this evidence during the trial through a bill of exceptions pursuant to Rule 33.2 of the Texas Rules of Appellate Procedure, and now attempts to supplement the appellate record with the document, appellee continues to object to the improper inclusion of the evidence as stated *supra.*

The admission or exclusion of evidence is a matter committed to the trial court's discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). The appellate court should examine the entire record to determine whether the trial court committed error and whether that error probably caused the rendition of an improper judgment. See TEX. R. APP. P. 44.1(a); *Alvarado*, 897 S.W.2d at 754; *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396, 32 Tex. Sup. Ct. J. 217 (Tex. 1989).

Though it appears that appellant waived error on this point by failing to include the excluded piece of evidence in the clerk's record through a bill of exceptions, the trial court also acted well within its discretion when excluding the evidence. The record clearly states that the evidence at issue was not produced during the discovery period, and that it was shown to defense counsel for the first time during the trial. (RR 22-26).

The only exception to the automatic sanction of exclusion of evidence for failure to supplement discovery responses is a showing of good cause for the failure to supplement. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex. 1990) (per curiam); Tex. R. Civ. P. 215.5. Appellant made no good-cause showing of any kind. Exclusion of the evidence was therefore appropriate.

### 2. The Trial Court Acted Well-Within Its Discretion In Denying Plaintiff's Motion for "Enlargement of Time."

In point of error 6, appellant contends that the trial court abused its discretion by denying her motion for enlargement of time filed pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. (CR 172-177). The motion was filed on or about May 23, 2014, and was promptly denied by the trial court on May 28, 2014. (CR at 177). This motion was filed and ruled upon over a week before the signing and entry of the Judgment on June 6, 2014. (CR 134-135).

Although there is no specific procedural vehicle in Texas jurisprudence (at least that this counsel could locate) dealing with a post-verdict continuance or enlargement of time, it is assumed that a trial court's decision to deny such a motion would be akin to denying a pre-verdict motion for continuance or motion to modify a discovery-control plan. The trial court's ruling would therefore be subject to review under an abuse of discretion standard. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (applying abuse of discretion standard to denial of motion for continuance requesting extension to complete discovery); *Brown v. Brown*, 145 S.W.3d 745, 749-50 (Tex. App.—Dallas 2004, pet. denied) (applying abuse of discretion standard to denial of motion for enlargement of time and modification of discovery procedures). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC*, 83 S.W.3d at 800.

The motion and brief filed by appellant at the trial court fails to specify the factual basis for the request for additional time, does not cite to any Texas precedent in support of the motion, and fails to identify the "good cause" necessity for the additional time requested. The trial court considered the appellant's motion and brief, and after "careful consideration," denied the motion. There is nothing in the record suggesting that the trial court's decision was so arbitrary and unreasonable as to amount to clear error under these very limited and undefined circumstances.

## PRAYER

Appellee requests that the Court deny appellant's requests for relief and assess all costs against axxppellant.

Respectfully submitted,

WHITE  SHAVER, P.C.
205 W. Locust Ave.
Tyler, Texas 75702
Telephone: 903/533-9447
Telefax: 903/595-3766


By:_____
       Adam B. Allen
       State Bar No. 24038738
       AAllen@whiteshaverlaw.com

ATTORNEY FOR APPELLEE




## CERTIFICATE OF SERVICE

I do certify that a true and correct copy of the foregoing Response was delivered to Appellant in accordance with the Texas Rules of Appellate Procedure on this 13th day of July, 2015.


_____
Adam B. Allen




## CERTIFICATE OF WORD COMPLIANCE

I do certify on this 13th day of July, 2015 that the foregoing Response is in compliance with the Texas Rules of Appellate Procedure as having 2,890 words within the Response.


_____
Adam B. Allen