**R. Wayne JOHNSON, Appellant,**

v.

**E. FRANCO, Appellee.**

**No. 01-94-00654-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 16, 1995.

R. Wayne Johnson, pro se.

Before COHEN, MIRABAL and TAFT, JJ.

**OPINION**

COHEN, Justice.

This is an appeal from an order dismissing a frivolous lawsuit. We affirm.

Johnson is a prison inmate. Franco is the grievance coordinator for Johnson's unit. Johnson alleges that he was disciplined pursuant to a general prison policy against inmates checking the amount of money available through the inmate trust fund. He filed a grievance challenging the policy and alleges that Franco failed to post the grievance as required under TDCJ rules, citing page 51 of the Inmate Orientation Handbook; 42 U.S.C. § 1997e (1989); and TEX. GOV'T CODE ANN. § 501.008 (Vernon Supp.1995). The handbook is not part of the appellate record. The cited statutes do not require posting of grievances, nor do they provide a cause of action for damages.

Johnson alleges that Franco acted in bad faith and in retaliation for Johnson's filing of grievances. His sole cause of action is labeled "BREACH OF CONTRACT." Johnson contends that the *Ruiz* settlement forms a contract between the state and its inmates. *See Ruiz v. Estelle,* 666 F.2d 854, 862–73 (5th Cir.1982).

The trial court determined

that the purported cause of action is frivolous and that the same should be dismissed as provided in the Civil Practice and Remedies Code of Texas, Chapter 13, Section 13.001(a)(2), to wit: the claim has no arguable basis in law or in fact; and the ac-

tion's realistic chance of ultimate success is slight[ ]

and dismissed Johnson's suit with prejudice.

In his sole point of error, Johnson alleges that the trial court abused its discretion in dismissing his suit as frivolous.

■ "A pro se *in forma pauperis* suit may be dismissed either before or after service of process if, under section 13.001(a), the trial court finds that 1) the allegation of poverty is false, or 2) the action is frivolous or malicious." *Hector v. Thaler,* 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ). A trial court has "broad discretion" to dismiss a lawsuit under section 13.001. *Id.* However, where, as here, there has been no fact hearing before dismissal of the suit, the trial court may not determine that the suit has no basis in fact. *Id.* Therefore, the reviewing court must determine whether the trial court properly dismissed the suit as having "no arguable basis in law . . . ." *Id.*

■ The suit has no basis in law. There is no contract between appellant and Franco. Neither the inmate handbook nor the cited statutes constitute one.

Moreover, the dismissal order states that the "Master in Chancery" reviewed the pleadings for the trial court and made a recommendation that the court reviewed. That recommendation is not in the record. Consequently, nothing is presented for review.

The sole point of error is overruled.