CV4-670.Thompson.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00670-CV







Lawrence Edward Thompson, Appellant



v.



Attorney General of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-06063, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING







PER CURIAM


 Lawrence Edward Thompson, proceeding pro se, in forma pauperis, appeals the
trial court's dismissal of his lawsuit. Thompson, a state inmate, complained that an assistant
attorney general negligently caused him to suffer personal injuries and thus he was entitled to
recover money damages pursuant to various provisions of state and federal law. On the attorney
general's motion, the trial court dismissed appellant's cause as frivolous because it had no
arguable basis in fact or law and its ultimate chance of success was slight. See Tex. Civ. Prac.
& Rem. Code Ann. § 13.001 (West 1991). By two points of error, appellant contends that the
trial court abused its discretion by dismissing his cause and by not allowing him to appear in court
at the hearing on the attorney general's motion to dismiss. We will affirm the trial court's
judgment of dismissal.



 BACKGROUND


 An assistant attorney general informed prison officials that he had received a letter
from appellant in an envelope with the return address of another inmate. The use of another
inmate's address information violates prison disciplinary rules and procedures. Prison officials
conducted a disciplinary hearing that resulted in appellant's receiving a verbal reprimand, thirty
days commissary restriction, and loss of good time credit. Appellant sued the attorney general's
office alleging that, but for the assistant attorney general's negligent use of tangible personal
property, he would not have suffered anxiety and mental anguish and would not have lost his good
time credit. Additionally, appellant contended that, because the attorney general acted willfully
and with a conscious disregard for appellant, he was entitled to exemplary damages. Appellant
also asserted claims of retaliation, religious discrimination, and psychological trauma. Except to
recite in his petition that he asserts claims against the attorney general for violating his religious
freedom and violating chapter 42, section 1983 of the United States Code, he does not explain
how the attorney general violated his rights. 

 The attorney general's office filed a motion to dismiss the cause as frivolous and
claimed immunity from the lawsuit. Appellant responded that the attorney general was not
immune from this lawsuit because (1) the assistant attorney general had used tangible personal
property to injure appellant; (2) the attorney general could not retaliate against a citizen on the
basis of race, sex, or national origin; and (3) the attorney general has no immunity from a lawsuit
when a litigant's religion is the basis for a constitutional violation. The trial court dismissed
appellant's lawsuit as frivolous.



 DISCUSSION


 By his first point of error, appellant contends that the trial court erred by dismissing
his claims as frivolous with no arguable basis in law or fact. A trial court has broad discretion
to dismiss a lawsuit pursuant to section 13.001. Johnson v. Franco, 893 S.W.2d 302, 303 (Tex.
App.--Houston [1st Dist.] 1995, writ dism'd w.o.j.); Carson v. Gomez, 841 S.W.2d 491, 494
(Tex. App.--Houston [1st Dist.] 1992, no writ); Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex.
App.--Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex. 1990). When, as here, the trial
court did not hold a fact hearing before dismissing the lawsuit the trial court may not determine
that the lawsuit had no basis in fact. Franco, 893 S.W.2d at 303. Therefore we review whether
the trial court abused its discretion by dismissing the lawsuit and determining that the cause had
no arguable basis in law and that its ultimate chance of success was slight. Id. 

 Appellant does not deny that he used another inmate's address on his
correspondence in violation of the prison policy. Additionally, appellant does not challenge the
prison policy or the implementation of the policy by the prison officials against him in this
instance. Rather, appellant contends that, by liberally construing his petition, he has asserted a
valid cause of action against the attorney general because an assistant attorney general negligently
used tangible property that caused him to be subjected to a prison disciplinary proceeding that
resulted in his damages. We disagree. 

 Appellant claims that the attorney general's office was negligent in its use of
tangible property. See Tex. Civ. Prac. & Rem. Ann. §§ 101.001-.107 (West 1986 & Supp.
1996). Appellant, however, does not allege any facts to show how the attorney general
negligently used tangible property other than noting that the assistant attorney general wrote a
letter to prison officials. Information is intangible and the fact that it is written does not render
it tangible property. University of Texas Medical Branch v. York, 871 S.W.2d 175, 178 (Tex.
1994). We conclude that the trial court did not abuse its discretion in dismissing appellant's
claims as frivolous because they had no basis in law and the ultimate chance of success on the
claims was slight. We overrule appellant's first point of error.

 By his second point of error, appellant complains that the trial court abused its
discretion by not allowing him to appear at the trial court's hearing regarding the attorney
general's motion to dismiss appellant's causes of action.

 The trial court may not deny appellant access to the courtroom merely because he
is an inmate. Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex. App.--San Antonio 1991, no writ). 
If a pro se indigent inmate is required to be in court, then provisions must be made for his
attendance. Nichols v. Martin, 776 S.W.2d 621, 623 (Tex. App.--Tyler 1989) (orig. proceeding). 
Appellant's right to access the courts, however, does not give him an absolute right to leave
prison to appear in court. Birdo v. Holbrook, 775 S.W.2d 411, 414 (Tex. App.--Fort Worth 1989,
writ denied); Brewer v. Taylor, 737 S.W.2d 421, 423-24 (Tex. App.--Dallas 1987, no writ). 
Inasmuch as an inmate has no absolute right to appear in court in a civil case he has initiated, and
there are many ways one may get evidence before the court, it follows that appellant must show
why his personal appearance in the courtroom was required. Brewer, 737 S.W.2d at 424. 
Appellant did not explain to the trial court about why he should have been brought to the
courtroom for the State's dismissal hearing. Whether an inmate should be allowed to appear in
court in a civil trial is within the trial court's discretion. Birdo, 775 S.W.2d at 414. When
considering whether an inmate may appear in court, the trial court must generally balance the
preservation of the correctional system's integrity with the inmate's right of access to the courts. 
Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.--Corpus Christi 1995, no writ). Factors to be
considered by the trial court include: (1) the cost and inconvenience of transporting the inmate
to court; (2) the security risk and potential danger of allowing the prisoner to attend open court;
(3) whether the prisoner's claims are substantial; (4) whether a determination of the matter can
reasonably be delayed until the prisoner is released from incarceration; (5) whether the inmate can
and will offer admissible, noncumulative testimony which could not be offered effectively by
deposition, telephone, or otherwise; (6) whether the prisoner's presence is important in judging
his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the
court or to a jury; and (8) the inmate's probability of success on the merits. Byrd v. Attorney
General, 877 S.W.2d 566, 569 (Tex. App.--Beaumont 1994, no writ); Armstrong v. Randle, 881
S.W.2d 53, 58 (Tex. App.--Texarkana 1994, writ denied). 

 After considering these factors, we conclude that appellant has failed to show that
the trial court abused its discretion by not providing for his attendance at the hearing on the state's
motion to dismiss appellant's claims. We overrule appellant's second point of error.



CONCLUSION


 We affirm the trial court's judgment of dismissal.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed 

Filed: May 22, 1996 

Do Not Publish



has asserted a
valid cause of action against the attorney general because an assistant attorney general negligently
used tangible property that caused him to be subjected to a prison disciplinary proceeding that
resulted in his damages. We disagree. 

 Appellant claims that the attorney general's office was negligent in its use of
tangible property. See Tex. Civ. Prac. & Rem. Ann. §§ 101.001-.107 (West 1986 & Supp.
1996). Appellant, however, does not allege any facts to show how the attorney general
negligently used tangible property other than noting that the assistant attorney general wrote a
letter to prison officials. Information is intangible and the fact that it is written does not render
it tangible property. University of Texas Medical Branch v. York, 871 S.W.2d 175, 178 (Tex.
1994). We conclude that the trial court did not abuse its discretion in dismissing appellant's
claims as frivolous because they had no basis in law and the ultimate chance of success on the
claims was slight. We overrule appellant's first point of error.

 By his second point of error, appellant complains that the trial court abused its
discretion by not allowing him to appear at the trial court's hearing regarding the attorney
general's motion to dismiss appellant's causes of action.

 The trial court may not deny appellant access to the courtroom merely because he
is an inmate. Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex. App.--San Antonio 1991, no writ). 
If a pro se indigent inmate is required to be in court, then provisions must be made for his
attendance. Nichols v. Martin, 776 S.W.2d 621, 623 (Tex. App.--Tyler 1989) (orig. proceeding). 
Appellant's right to access the courts, however, does not give him an absolute right to leave
prison to appear in court. Birdo v. Holbrook, 775 S.W.2d 411, 414 (Tex. App.--Fort Worth 1989,
writ denied); Brewer v. Taylor, 737 S.W.2d 421, 423-24 (Tex. App.--Dallas 1987, no writ). 
Inasmuch as an inmate has no absolute right to appear in court in a civil case he has initiated, and
there are many ways one may get evidence before the court, it follows that appellant must show
why his personal appearance in the courtroom was required. Brewer, 737 S.W.2d at 424. 
Appellant did not explain to the trial court about why he should have been brought to the
courtroom for the State's dismissal hearing. Whether an inmate should be allowed to appear in
court in a civil trial is within the trial court's discretion. Birdo, 775 S.W.2d at 414. When
considering whether an inmate may appear in court, the trial court must generally balance the
preservation of the correctional system's integrity with the inmate's right of access to the courts. 
Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.--Corpus Christi 1995, no writ). Factors to be
considered by the trial court include: (1) the cost and inconvenience of transporting the inmate
to court; (2) the security risk and potential danger of allowing the prisoner to attend open court;
(3) whether the prisoner's claims are substantial; (4) whether a determination of the matter can
reasonably be delayed until the prisoner is released from incarceration; (5) whether the inmate can
and will offer admissible, noncumulative testimony which could not be offered effectively by
deposition, telephone, or otherwise; (6) whether t