United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-50063
Summary Calendar

---

WILSON E. BROWN,

Petitioner-
Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-
Appellee.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
(03-CV-363)
--------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wilson E. Brown, Texas prisoner # 519699, has filed an application for a certificate of

appealability (COA) to appeal the district court's dismissal of his styled 42 U.S.C. § 1983 civil rights

action asserting unconstitutionality of procedures applied by the Texas Board of Pardons and Paroles

(the board) to deny him parole in 2001, relative to his conviction of aggravated sexual assault. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court construed Brown's action as a habeas corpus petition and held that relief was barred by the statute of limitations, 28 U.S.C. § 2244(d).

The district court was correct in holding that Brown's claim that the board used erroneous or inaccurate information to deny him parole after a single defective hearing is a habeas corpus claim that is time-barred, rather than a §1983 claim. *See Serio v. Members, La. State Bd. of Pardons*, 821 F.3d 1112, 1117-18 (5th Cir. 1987). Therefore Brown's application for a COA relative to this claim is DENIED.

Brown also contends that he is entitled to relief because the board retroactively applied 1995 procedures in denying him parole. He argues that this violated his civil rights under the Ex Post Facto, Due Process, and Equal Protection Clauses. Brown is not entitled to relief under the Due Process Clause because Texas has not created a liberty interest in parole that is protected by this clause. *See Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

Furthermore, Brown failed to state a cognizable equal-protection claim because he did not show that sex offenders are a suspect class or that they have been denied a fundamental right. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Also, subjecting such offenders to different parole procedures is reasonably related to legitimate penological interests. *See, e.g., Finley v. Staton*, 542 F.2d 250, 250 (5th Cir. 1976). Accordingly, Brown is not entitled to § 1983 relief on this claim.

Without specifically adverting to Brown's ex post facto claim, the defendants have asserted that he is not entitled to relief because a Texas inmate has no liberty interest in obtaining parole. The district court dismissed the action as time-barred without discussing Brown's constitutional claims. However, "[a] law need not impair a vested right to violate the Ex Post Facto prohibition." *Orellana*, 65 F.3d at 32 (citing *Weaver v. Graham*, 450 U.S. 24, 29-30 (1981)). "'The presence or absence of

an affirmative, enforceable right is not relevant'" to the viability of an ex post facto claim. *Id*. (quoting *Weaver*, 450 U.S. at 30).

The Supreme Court recently held that a prisoner can maintain a § 1983 claim seeking to invalidate state parole procedures, and that *Heck v. Humphrey*, 512 U.S. 477 (1994), is not an impediment to such a claim. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 1246-49 (2005). The Court reasoned that "[s]uccess for Dotson . . . means at most new eligibility review, which at most will speed <u>consideration</u> of a new parole application." *Id*. at 1248. Thus it appears that the district court erred by not treating Brown's parole-procedure claim as a § 1983 claim.

Brown's ex post facto claim would not be untimely under Texas's two-year rule for § 1983 claims. *Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon). Therefore, the judgment is VACATED in part, and the case is REMANDED for the district court to address Brown's ex post facto claim as a § 1983 allegation, pursuant to *Wilkinson*. As to this claim, COA is DENIED as unnecessary.