**Jesse Lee BELL, Jr., Plaintiff–Appellant**

v.

**Julia WOODS; James McMasters; Debbie Roberts; Windham School District; Frankie Rescano; Kevin Mayfield; F Hick, Grievance Coordinator, Defendants–Appellees.**

No. 09–41000
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 2010.

Jesse Lee Bell, Jr., Lovelady, TX, pro se.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jesse Lee Bell, Jr., Texas prisoner # 614588, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Bell argues that the district court erred by dismissing his equal protection claims, as well as his claims relating to prison grievance procedures. He contends that he was threatened with retaliation for using the grievance procedures and that, when he complained of this threat, his grievances were improperly handled. Bell has abandoned the due process, ex post facto, double jeopardy, and Eighth Amendment claims relating to the restrictions placed on his ability to take computer-related vocational classes by failing to brief these issues on appeal. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

The district court dismissed Bell's complaint pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, our review is *de novo. See Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

Bell argues that his right to equal protection was violated both as a class-of-one and as a member of a class of sexual offenders due to the failure to allow him to participate in computer-related vocational courses based on his having been convicted of a sexual offense. Bell contends that there is no rational basis for this restriction, particularly where his offense did not involve the use of computers.

■ Bell's allegations that he has been treated differently than other similarly situated sex offenders are conclusional. He does not identify any other prisoners who were sexual offenders and were allowed to enroll in computer courses, nor has he alleged that other prisoners were convicted of the same offense as he was or that they were allowed into the same courses for which he applied. Because Bell's class-of-one allegations are conclusional, the district court did not err in dismissing this claim as frivolous and for failure to state a claim. *See Pedraza v. Meyer,* 919 F.2d 317, 318 n. 1 (5th Cir.1990).

■ Bell's related argument that his right to equal protection as a member of a class of sexual offenders was violated is without merit. Inmates convicted of a sexual offense are not a suspect class, and thus any such classification is only subject to rational basis review. *See Wottlin v. Fleming,* 136 F.3d 1032, 1036–37 (5th Cir. 1998). This court has previously found that subjecting inmates who are sex offenders to different parole procedures is reasonably related to legitimate penological interests. *See Brown v. Dretke,* 184 Fed.Appx. 384, 385 (5th Cir.2006) (unpublished). In this case, there are also rational reasons why the State might restrict sexual offenders from using computers.

Such a restriction prevents sexual offenders from attempting to obtain and distribute sexually-explicit material over the Internet and contact potential victims over the internet. Because the restriction is rationally related to a legitimate penological interest, the district court did not err in dismissing the claim.

■ Bell has not stated a retaliation claim because he has alleged only a threat, but no retaliatory adverse act. *See Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir.1999); *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir.1993). Accordingly, the district court did not err in dismissing this claim.

■ Similarly, Bell's assertion that his constitutional rights were violated by the failure to process his grievances does not state a claim and is frivolous. There is no constitutionally protected interest in the processing of an inmate's grievances. *See Geiger v. Jowers,* 404 F.3d 371, 373–74 (5th Cir.2005). Additionally, Bell could not show any injury from the failure to consider his grievances because the alleged threat he complained of in the grievances did not implicate his constitutional rights. *See Bender,* 1 F.3d at 274 n. 4.

For the above reasons, the district court's judgment is affirmed.

AFFIRMED.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.