

# NUMBER 13-18-00617-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FRED HOFFMAN,                                                              Appellant,

v.

CANDACE MOORE, ET AL.,                                                     Appellees.

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Fred Hoffman III, a Texas prison inmate, appeals from a trial court order

dismissing his suit against multiple employees of the Texas Department of Criminal

Justice—Correctional Institution Division (TDCJ–CID).[1] In three issues, which we treat

---

[1] Appellees are Candace Moore, Megan Thompson, Corey Furr, P. Chapa, Grievance Investigator #2226, and Grievance Investigator #1722. Hoffman sued all appellees in their individual and official

as two, Hoffman argues the trial court abused its discretion by: (1) dismissing the suit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001–.014; and (2) permitting the Texas Office of the Attorney General (OAG) to file an untimely and improper amicus curiae brief. We affirm.

## I. BACKGROUND

Hoffman, an inmate at the McConnell Unit in Beeville, Texas, filed this action pro se and *in forma pauperis* under Texas Civil Practice and Remedies Code Chapter 14. *See id*. Through his live pleading, Hoffman alleges that correctional officer Megan Thompson and prison law librarian Candace Moore wrote a false disciplinary report claiming that Hoffman possessed contraband consisting of stamps and envelopes. Hoffman alleges that such items can be purchased from the commissary, so they are not contraband. According to Hoffman, the disciplinary hearing officer found Hoffman not guilty of the alleged violation. Hoffman alleges that Moore, in particular, has a history of ordering others to write false disciplinary reports against Hoffman. He alleges that prison administrators Corey Furr and P. Chapa failed to correct the wrongs of Hoffman and Moore. He further alleges that the grievance investigators who reviewed his allegation of a false disciplinary report did not take proper corrective action. Hoffman pleaded causes of action for breach of contract, fraud, conversion, retaliation, and an equal protection clause violation.

The OAG filed an amicus curiae brief urging the trial court to dismiss Hoffman's suit. The trial court signed a final judgment dismissing Hoffman's suit as frivolous.

---

capacities.

Hoffman appeals.

## II. STANDARD OF REVIEW & APPLICABLE LAW

To control frivolous, malicious, and excessive inmate litigation, the Texas Legislature enacted Chapter 14 of the civil practice and remedies code. *See id*. Chapter 14 governs inmate litigation in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See id*. A trial court may dismiss a suit under Chapter 14 if it is frivolous, considering whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Generally, we review a trial court's dismissal of a lawsuit under Chapter 14 for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, where, as here, a trial court dismisses a claim without a hearing, the issue on appeal is limited to whether the claim had no arguable basis in law. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This is a legal issue which we review de novo. *Id.*

In reviewing the pleadings, we take the inmate's allegations as true and must determine "whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no

3

pet.). We review pro se pleadings "by standards less stringent than those applied to formal pleadings drafted by lawyers." *Id.* A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory. *Nabelek v. Dist. Attorney of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's claim may not be dismissed merely because the court considers the allegations "unlikely." *Id.*

### III.    DISMISSAL AS FRIVOLOUS

By his first issue, Hoffman argues the trial court abused its discretion in dismissing his suit as frivolous. We will address each cause of action in turn to determine whether they have an arguable basis in law.

### A.    Tort Claims

Hoffman's conversion claim is based on the confiscation of his stamps and envelopes as contraband. Hoffman alleges that the property was later determined not to be contraband and that it was returned five months later. His fraud claim alleges that the disciplinary report falsely asserts that his property was contraband.

#### 1.    No Individual Capacity Claims

Hoffman sues each appellee in their official and individual capacity. Government employees are individually liable for their own torts, even when committed in the course of employment; therefore, suit may be brought against a government employee in his individual capacity. *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011). However, under § 101.106 of the Texas Tort Claims Act (TTCA),

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it

4

could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

TEX. CIV. PRAC. & REM. CODE. ANN § 101.106(f). In other words, a tort claim is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *See Franka*, 332 S.W.3d at 381.

We conclude that Hoffman's tort claims implicate each requirement of § 101.106(f). First, appellees are all employees of TDCJ–CID, a state agency. Second, the TTCA defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). Hoffman's allegations all relate to tasks lawfully assigned to appellees, whether it be confiscating property determined to be in violation of TDCJ–CID policy or the review of inmate grievances. Therefore, it is clear from the record that appellees were acting within the scope of their employment. *See id.* (concluding TDCJ–CID employees were acting within the scope of their employment where the inmate alleged that the defendants committed theft by taking money from his inmate trust fund account).

Third, we note that "if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency."

*Lopez*, 414 S.W.3d at 895. This principle applies to both unintentional torts, such as negligence, and intentional torts, such as conversion or fraud. *See id.* (holding that a suit for theft against TDCJ—CID employees satisfied the third requirement for §101.106(f)). Hoffman's tort claims are subject to § 101.106(f). Therefore, Hoffman's tort claims are against appellees in their official, not individual, capacity. *See id.*

### 2. Immunity from Intentional Torts

Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer.[2] *Franka*, 332 S.W.3d at 382. "[A]n employee sued in his official capacity has the same governmental [or sovereign] immunity, derivatively, as his government employer." *Id*. at 382–83. TDCJ–CID, a state agency, enjoys sovereign immunity from suit unless the legislature expressly waives that immunity. *See Tex. Office of Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 313 (Tex. App.—Dallas 2012, pet. denied).

The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (providing waiver of immunity from suit "to the extent of liability created by this chapter"). However, the TTCA does not waive immunity for intentional torts, such as fraud and conversion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) ("This chapter does not apply to a claim . . . arising

---

[2] An exception to this principle is when an employee acts ultra vires. *See Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011). Hoffman argues that the ultra vires exception applies because appellees acted outside their legal authority. *See id*. at 382 & n. 69. However, the ultra vires exception does not apply in this case because Hoffman's suit is for damages. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Furthermore, as noted above, the employees were acting within their legal authority to confiscate property determined to be in violation of TDCJ–CID policy and in reviewing Hoffman's grievances.

6

out of assault, battery, false imprisonment, or any other intentional tort."); *Tex. Dep't. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

Because sovereign immunity deprives a trial court of subject matter jurisdiction over a pleaded cause of action, *see Texas Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004), we conclude that Hoffman's conversion and fraud claims against appellees in their official capacity have no arguable basis in law. *See Lopez*, 414 S.W.3d at 895; *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.) (noting that a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14).

## B. Breach of Contract

Hoffman's breach of contract claim alleges that appellees Moore and Thompson violated the disciplinary rules for TDCJ–CID by writing false disciplinary reports. Parties form a binding contract when the following elements are present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Lucchese Boot Co. v. Licon*, 473 S.W.3d 390, 400 (Tex. App.—El Paso 2015, no pet.).

Hoffman does not allege a binding contract between himself and appellees. Therefore, his claim has no arguable basis in law. *See Johnson v. Franco*, 893 S.W.2d 302, 303 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) (holding breach of contract claim had no basis in law because there was no contract between the inmate

7

and the defendant and "[n]either the inmate handbook nor the cited statutes constitute one"); *see also Smith v. Rayford*, No. 13-18-00395-CV, 2019 WL 5444392, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 24, 2019, no pet.) (mem. op.) (concluding breach of contract claim was frivolous because it did not allege a binding contract between inmate and defendants); *Horton v. Cooper*, No. 06-02-00001-CV, 2002 WL 1285097, at *4 (Tex. App.—Texarkana June 12, 2002, no pet.) (mem. op.) (affirming dismissal of inmate's breach of contract claim which failed to identify a binding contract between the parties).

## C.     Retaliation

Hoffman alleges that appellees Moore and Thompson filed a false disciplinary report against Hoffman in retaliation for his previously filed grievances asserting constitutional violations.

United States Code Title 42, § 1983 provides a private cause of action against persons acting under color of state law who violate rights secured by the United States Constitution or federal law. *See* 42 U.S.C. § 1983; *Haver v. Coats*, 491 S.W.3d 877, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct. *Inst. Div. of the Tex. Dep't of Crim. Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010) (per curiam). A violation of this right is actionable under § 1983. *Id*. To establish retaliation, an inmate must demonstrate (1) he has a specific constitutional right, (2) the defendant intended to retaliate against him for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Id*.

Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) (adopting de minimis standard in retaliation claims because it achieves proper balance between the need to recognize valid retaliation claims and the danger of courts "embroiling themselves in every disciplinary act that occurs in state penal institutions"); *see also Conely v. Tex. Bd. of Crim. Justice*, No. 03-11-00094-CV, 2012 WL 1959320, at *3 (Tex. App.—Austin May 30, 2012, pet. denied) (mem. op). Inconsequential actions, even if retaliatory, are not sufficient to support a retaliation claim. *Powell*, 449 F.3d at 686. A retaliation claim fails if the complained-of act, though motivated by retaliatory intent, is so de minimis that it would not deter an ordinary person from further exercise of his rights. *Id*.

Hoffman's allegations do not demonstrate how Moore and Thompson's conduct, assuming it was retaliatory, prevented him from exercising any constitutional right. According to Hoffman, he was found not guilty of the disciplinary charge, and his confiscated property, envelopes and stamps, was later returned to him. We conclude that any alleged retaliatory act was inconsequential and did not deter Hoffman from exercising his constitutional rights. Therefore, Hoffman's retaliation claim has no arguable basis in law. *See id*.

D.    **Equal Protection**

Hoffman alleges that appellees violated the equal protection clause of the United States Constitution because appellees would not have taken the complained-of actions against "another inmate that bought stamps and envelopes from the unit commissary."

9

Hoffman further argues that appellees' enforcement of prison rules was arbitrary and capricious.

The Equal Protection Clause[3] of the Fourteenth Amendment requires that "all persons similarly circumstanced be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982). An equal protection claim may be asserted by a plaintiff as a "class of one" if he alleges that (1) he has been intentionally treated differently from others similarly situated and (2) there is no rational basis for the difference in treatment. *Abbott v. City of Paris*, 429 S.W.3d 99, 109 (Tex. App.—Texarkana 2014, no pet.); *Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *City of Lubbock v. Corbin*, 942 S.W.2d 14, 22 (Tex. App.—Amarillo 1996, writ denied). The purpose of the equal protection clause is to secure persons against intentional and arbitrary discrimination. *City of Floresville v. Starnes Inv. Group, LLC*, 502 S.W.3d 859, 868 (Tex. App.—San Antonio 2016, no pet.); *City of Dallas v. Jones*, 331 S.W.3d 781, 787 (Tex. App.—Dallas 2010, pet. dism'd); *Leonard v. Abbott*, 171 S.W.3d 451, 458 (Tex. App.—Austin 2005, pet. denied). However, a plaintiff must allege he is being treated differently from those whose situation is directly comparable in all material respects. *City of Dallas*, 331 S.W.3d at 787. Conclusory allegations of "class of one" discrimination fail to state a claim. *See Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010) (per curiam).

---

[3] The requirements for equal protection under the United States Constitution and the Texas Constitution are substantially the same. *Sw. Bell Tel. Co. v. Combs*, 270 S.W.3d 249, 272 n. 46 (Tex. App.—Amarillo 2008, pet. denied); *see also* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 3; *Bell v. Low Income Women of Tex.*, 95 S.W.3d 253, 266 (Tex. 2002) ("[T]he federal analytical approach applies to equal protection challenges under the Texas Constitution.").

Hoffman's petition asserts, "This[—the disciplinary report classifying items as contraband—]would not have happened to another inmate that bought stamps and envelopes from the unit commissary." This bare and conclusory assertion is insufficient to support a "class of one" equal protection claim in that it offers no basis to determine that persons similarly situated to Hoffman were treated differently without a rational basis. *See id.* (conclusory allegation that inmate was treated differently from other sex offenders failed to state a claim where inmate did not identify any other prisoners who were sexual offenders and were allowed to enroll in computer courses and inmate did not allege that other prisoners were convicted of the same offense as he was or that they were allowed into the same courses for which he applied); *see also Kyles v. Garrett*, 222 F. App'x 427, 429 (5th Cir. 2007) (per curiam) (holding that a prisoner's conclusory allegations that others similarly situated had been granted parole were insufficient to state an equal protection claim where the prisoner "offer[ed] no specific factual support for his assertions"). Therefore, we conclude that Hoffman's equal protection claim lacks an arguable basis in law. *See Moreland*, 95 S.W.3d at 394.

## E.    Equitable Relief

Hoffman also seeks injunctive and declaratory relief which are either duplicative or dependent on his other causes of action. Because those dependent claims lack an arguable basis in law, he is not entitled to the requested relief. *See Wilson v. TDCJ-CID*, 268 S.W.3d 756, 762 (Tex. App.—Waco 2008, no pet.).

11

**F.      Summary**

We have concluded that all of Hoffman's claims lack an arguable basis in law. *See Moreland*, 95 S.W.3d at 394. Therefore, the trial court did not err in dismissing Hoffman's suit as frivolous.[4] *See id*. We overrule Hoffman's first issue.

## IV.      AMICUS CURIAE

By his second issue, Hoffman argues that the trial court abused its discretion "when it allowed the OAG to file [an] untimely [and] improper Amicus Curiae Brief[.]" The OAG filed its amicus curiae brief outside of the deadline imposed by the trial court. Assuming, without deciding, that permitting the late filing was error, we conclude that the error was harmless.

An amicus curiae, or "friend of the court," is defined as "[a] person who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." *In re A.J.L.*, 108 S.W.3d 414, 420 n.1 (Tex. App.—Fort Worth 2003, pet. denied); *see also Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.— Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.). An amicus curiae is limited to making suggestions to the court, not posing new questions. *Edgewood Indep. Sch. Dist. v. Kirby*, 804 S.W.2d 491, 503 n.6 (Tex. 1991). Courts may consider suggestions from an amicus curiae about questions apparent from the record in the case, but courts can only take actions that it

---

[4] Hoffman also argues that the trial court abused its discretion in "resolv[ing] material disputed facts [] without a jury." However, the trial court dismissed Hoffman's pleaded causes of action as frivolous. We have concluded that the trial court did not abuse its discretion in doing so because the causes of action lack an arguable basis in law. In reaching this conclusion, we have accepted Hoffman's allegations as true.

12

could have taken in the absence of these suggestions. *See Kelley*, 2003 WL 21229275, at *1.

We will not reverse the trial court's judgment unless "the error complained of . . . probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a). The trial court's exercise of its discretionary power to dismiss *sua sponte* under Chapter 14 does not depend on the OAG filing an amicus curiae brief. *See Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)); *Wilson v. TDCJ–CID*, 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.). Under Chapter 14, the trial court has authority to dismiss an inmate's suit as frivolous "either before or after service of process." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Even in the absence of the OAG's amicus curiae brief, the trial court maintained the authority to dismiss Hoffman's suit as frivolous. Therefore, any error associated with permitting the OAG's submission would not have caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *see also Johnson v. Conner*, No. 07-11-00055-CV, 2011 WL 3587425, at *2 (Tex. App.—Amarillo Aug. 16, 2011, no pet.) (mem. op.).

We overrule Hoffman's second issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
23rd day of April, 2020.

13